ORIGINAL

1  THOMAS E. FRANKOVICH,
   *A Professional Law Corporation*
2  THOMAS E. FRANKOVICH (State Bar No. 074414)
   4328 Redwood Hwy., Suite 300
3  San Rafael, CA 94903
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900

5  Attorneys for Plaintiff
   CRAIG YATES

6

**FILED**

JAN 1 1 2011

*E-filing*

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



7              **UNITED STATES DISTRICT COURT**

8              **NORTHERN DISTRICT OF CALIFORNIA**

9

10  CRAIG YATES, an individual,

11       Plaintiff,

12  v.

13

14  TAISHAN CAFE; HUEI CHEN CHI; HUEI
    CHUN CHI; and LIEH SHENG CHI,

15
         Defendants.
16

**CV11   0145**

**CASE NO.**
**Civil Rights**

**COMPLAINT FOR INJUNCTIVE RELIEF**
**AND DAMAGES:**

**1ˢᵗ CAUSE OF ACTION:** For Denial of Access
by a Public Accommodation in Violation of the
Americans with Disabilities Act of 1990 (42
U.S.C. §12101, *et seq.*)

**2ⁿᵈ CAUSE OF ACTION:** For Denial of Full
and Equal Access in Violation of California
Civil Code §§54, 54.1 and 54.3

17
18  **3ʳᵈ CAUSE OF ACTION:** For Denial of
    Accessible Sanitary Facilities in Violation of
19  California Health & Safety Code §19955, *et seq.*

20  **4ᵗʰ CAUSE OF ACTION:** For Denial of
    Access to Full and Equal Accommodations,
21  Advantages, Facilities, Privileges and/or
    Services in Violation of California Civil Code
22  §51, *et seq.* (The Unruh Civil Rights Act)

23

24              **DEMAND FOR JURY**

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1    Plaintiff CRAIG YATES, an individual, complains of defendants HUEI CHEN CHI;
2  HUEI CHUN CHI; and LIEH SHENG CHI, also known as the owners of the TAISHAN and
3  alleges as follows:

4  **INTRODUCTION:**

5    1.    This is a civil rights action for discrimination against persons with physical
6  disabilities, of which class plaintiff CRAIG YATES and the disability community are members,
7  for failure to remove architectural barriers structural in nature at defendants' TAISHAN CAFE, a
8  place of public accommodation, thereby discriminatorily denying plaintiff and the class of other
9  similarly situated persons with physical disabilities access to, the full and equal enjoyment of,
10  opportunity to participate in, and benefit from, the goods, facilities, services, and
11  accommodations thereof.  Plaintiff seeks injunctive relief and damages pursuant to the
12  Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,
13  51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

14    2.    Plaintiff CRAIG YATES is a person with physical disabilities who, on or about
15  August 17, 2010, September 3, 2010, November 10, 2010 and December 5, 2010, was an invitee,
16  guest, patron, customer at defendants' TAISHAN CAFE, in the City of San Francisco,
17  California. At said times and place, defendants failed to provide proper legal access to the
18  TAISHAN CAFE, which is a "public accommodation" and/or a "public facility" including, but
19  not limited to the entrance and unisex restroom.  The denial of access was in violation of both
20  federal and California legal requirements, and plaintiff CRAIG YATES suffered violation of his
21  civil rights to full and equal access, and was embarrassed and humiliated.

22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

2

1 **JURISDICTION AND VENUE:**

2      3.    **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C.
3 §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*
4 Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same
5 nucleus of operative facts and arising out of the same transactions, are also brought under parallel
6 California law, whose goals are closely tied with the ADA, including but not limited to violations
7 of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*
8 *seq.*, including §19959; Title 24 California Building Standards Code.

9      4.    **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is
10 founded on the facts that the real property which is the subject of this action is located at/near
11 1125 Clement Street, in the City and County of San Francisco, State of California, and that
12 plaintiff's causes of action arose in this county.

13 **PARTIES:**

14      5.    Plaintiff CRAIG YATES is a "physically handicapped person", a "physically
15 disabled person", and a "person with physical disabilities" (hereinafter the terms "physically
16 disabled", "physically handicapped" and "person with physical disabilities" are used
17 interchangeably, as these words have similar or identical common usage and legal meaning, but
18 the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically
19 handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other
20 statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff
21 CRAIG YATES is a "person with physical disabilities", as defined by all applicable California
22 and United States laws. Plaintiff is a triplegic. Plaintiff CRAIG YATES requires the use of a
23 wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that
24 portion of the public whose rights are protected by the provisions of Health & Safety Code
25 §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped
26 Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the
27 Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.
28 §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    6.    Defendants HUEI CHEN CHI; HUEI CHUN CHI; and LIEH SHENG CHI

2    (hereinafter alternatively collectively referred to as "defendants") are the owners and operators,

3    lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public

4    accommodation known as TAISHAN CAFE, located at/near 1125 Clement Street, San

5    Francisco, California, or of the building and/or buildings which constitute said public

6    accommodation.

7    7.    At all times relevant to this complaint, defendants HUEI CHEN CHI; HUEI

8    CHUN CHI; and LIEH SHENG CHI, own and operate in joint venture the subject TAISHAN

9    CAFE as a public accommodation. This business is open to the general public and conducts

10   business therein. The business is a "public accommodation" or "public facility" subject to the

11   requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955,

12   *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

13   8.    At all times relevant to this complaint, defendants HUEI CHEN CHI; HUEI

14   CHUN CHI; and LIEH SHENG CHI are jointly and severally responsible to identify and remove

15   architectural barriers at the subject TAISHAN CAFE pursuant to Code of Federal Regulations

16   title 28, section 36.201(b), which states in pertinent part:

17   **§ 36.201    General**

18   (b) *Landlord and tenant responsibilities.* Both the landlord
     who owns the building that houses a place of public
19   accommodation and the tenant who owns or operates the place of
     public accommodation are public accommodations subject to the
20   requirements of this part. As between the parties, allocation of
     responsibility for complying with the obligations of this part may
21   be determined by lease or other contract.

22   28 CFR §36.201(b)

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

1 **PRELIMINARY FACTUAL ALLEGATIONS:**

2    9.    The TAISHAN CAFÉ , is a restaurant, located at/near 1125 Clement Street, San

3 Francisco, California. The TAISHAN CAFE, its entrance and unisex, and its other facilities are

4 each a "place of public accommodation or facility" subject to the barrier removal requirements of

5 the Americans with Disabilities Act. On information and belief, each such facility has, since July

6 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the

7 cafe and each of its facilities, its entrance and unisex restroom to disability access requirements

8 per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the

9 California Code of regulations (Title 24).

10    10.    On or about April 20, 2005, defendants' and each of them purchased and/or

11 took possessory control of the premises now known as TAISHAN CAFE. At all times prior

12 thereto, defendants' and each of them were aware of their obligation prior to the close of escrow,

13 or upon taking possessory interest that public accommodations had a duty to identify and remove

14 architectural barriers and were aware that TAISHAN CAFE was not accessible to the disabled.

15 Nevertheless, defendants' and each of them, operated the subject restaurant as though it was

16 accessible.

17    11.    At all times stated herein, defendants' and each of them with the knowledge that

18 each of them had a continuing obligation to identify and remove architectural barriers where it

19 was readily achievable to do so, failed to adopt a transition plan to provide better and/or

20 compliant access to the subject accommodation.

21    12.    At all times referred to herein and continuing to the present time, defendants, and

22 each of them, advertised, publicized and held out the TAISHAN CAFE as being handicapped

23 accessible and handicapped usable.

24    13.    On or about August 17, 2010, September 3, 2010, November 10, 2010 and

25 December 5, 2010, plaintiff CRAIG YATES was an invitee and guest at the subject TAISHAN

26 CAFE, for purposes of having food and beverage.

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

5

14. On or about September 3, 2010, plaintiff CRAIG YATES wheeled to TAISHAN CAFE. Plaintiff CRAIG YATES had difficulty gaining entrance to the subject restaurant due to a combination of excessive door pressure and narrow doors ( twenty-nine (29) inch clear space).

15. At said time and place, plaintiff CRAIG YATES needed to use the unisex restroom. Plaintiff CRAIG YATES found that the restroom was not ADAAG compliant. Many elements in the restroom were not positioned at the proper heights for point of operation and some of the elements did not exist. For example, a missing rear grab bar.

16. On or about September 10, 2010, plaintiff CRAIG YATES wrote both the landlord and tenant about access problems such as:

- Narrow doors
- Non compliant restroom (i.e., missing grab bar, no lever hardware and unwrapped "P" trap).

17. On or about October 12, 2010, Henry Liu, the manager of the subject restaurant responded to plaintiff CRAIG YATES stating in part:

"We are looking into your suggestions in how to make our restaurant more user friendly for wheelchair persons . . . checked City Hall and have found that our front door is compliant . . . we'll have our contractor look into your other suggestions."

18. On or about November 10, 2010, plaintiff CRAIG YATES returned to TAISHAN CAFE. Plaintiff CRAIG YATES encountered all of the same barriers as initially encountered.

19. On or about December 5, 2010, plaintiff CRAIG YATES again returned to TAISHAN CAFE. Plaintiff CRAIG YATES encountered all of the same barriers. Defendants had not removed the simplest of barriers:

- Failed to conduct an inspection after having been provided with a toll free number to the Oakland Disability Center.
- Failed to install a grab bar
- Failed to reduce door pressure
- Failed to wrap lavatory pipes
- Failed to lower dispensers

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6

1    20.    Therefore, at said times and place, plaintiff CRAIG YATES, a person with a

2    disability, encountered the following inaccessible elements of the subject TAISHAN CAFE,

3    which constituted architectural barriers and a denial of the proper and legally-required access to a

4    public accommodation to persons with physical disabilities including, but not limited to:

5              a.    lack of directional signage to show accessible routes of travel, i.e.
                     entrances;
6
7              b.    lack of an accessible entrance due to narrow doors and excessive door
                     pressure;

8              c.    lack of unisex public restroom;

9              d.    On personal knowledge, information and belief, other public facilities and
                     elements too numerous to list were improperly inaccessible for use by
10                   persons with physical disabilities.

11    21.    At all times stated herein, the existence of architectural barriers at defendants'

12    place of public accommodation evidenced "actual notice" of defendants' intent not to comply

13    with the Americans with Disabilities Act of 1990 either then, now or in the future.

14    22.    On or about September 10, 2010, defendant(s) were sent two (2) letters by or on

15    behalf of plaintiff CRAIG YATES advising of their need to take immediate action to remove

16    architectural barriers and requesting a written response upon receipt of his/her letter, promising to

17    immediately remove the barriers and providing a date when that would be accomplished.

18    On or about October 12, 2010, Henry Liu, responded to Craig Yates's letter of September 10,

19    2010. However, he never removed the simplest of barriers. Said letters are attached hereto

20    collectively as exhibit "A" and incorporated by reference as though fully set forth herein.

21    Defendants' failure to even add a grab bar or insulate the "P" trap evidencing an intent not to seek

22    or engage in an early and reasonable resolution of the matter.

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

1     23.    At all times stated herein, defendants, and each of them, did not act as reasonable
2 and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not
3 removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES from
4 receiving the same goods and services as able bodied people and some of which may and did pose
5 a threat of harm and/or personal injury to people with disabilities. Therefore as a legal result of
6 defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered
7 bodily injury.

8     24.    As a legal result of defendants HUEI CHEN CHI; HUEI CHUN CHI; and LIEH
9 SHENG CHI 's failure to act as a reasonable and prudent public accommodation in identifying,
10 removing or creating architectural barriers, policies, practices and procedures that denied access to
11 plaintiff and other persons with disabilities, plaintiff suffered the damages as alleged herein.

12     25.    As a result of the denial of equal access to defendants' facilities due to the acts and
13 omissions of defendants, and each of them, in owning, operating and maintaining these subject
14 public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to
15 rights under Civil Code §§54, 54.1 and 54.3, and plaintiff CRAIG YATES suffered physical
16 discomfort, bodily injury on or about August 17, 2010, September 3, 2010, November 10, 2010
17 and December 5, 2010, including, but not limited to, fatigue, stress, strain and pain in wheeling
18 and attempting to and/or transferring up, on, down, to, over, around and through architectural
19 barriers. Specifically, as a legal result of defendants negligence in the design, construction and
20 maintenance of the existing excessive door pressure, plaintiff suffered continuous, repetitive and
21 cumulative trauma to his right upper extremity while attempting to open the door and pass
22 through a narrow door entrance.

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8

26.     Further, plaintiff CRAIG YATES suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

27.     Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

28.     Plaintiff CRAIG YATES was denied his rights to equal access to a public facility by defendants HUEI CHEN CHI; HUEI CHUN CHI; and LIEH SHENG CHI, because defendants HUEI CHEN CHI; HUEI CHUN CHI; and LIEH SHENG CHI maintained a restaurant without access for persons with physical disabilities to its facilities, including but not limited to the entrance and the unisex restroom, and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiff and other persons with physical disabilities in these and other ways.

29.     On information and belief, construction alterations carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

30.     Plaintiff, as described hereinbelow, seeks injunctive relief to require the TAISHAN CAFE to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the subject café as a public facility.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9

1     31.    Plaintiff seeks damages for violation of his civil rights on August 17, 2010,

2 September 3, 2010, November 10, 2010 and December 5, 2010 and seeks statutory damages of

3 not less than \$4,000, pursuant to Civil Code §52(a) or alternatively \$1000 pursuant to Civil Code

4 §54.3, for each day after his visit that the trier of fact (court/jury) determines was the date that

5 some or all remedial work should have been completed under the standard that the landlord and

6 tenant had an ongoing duty to identify and remove architectural barriers where it was readily

7 achievable to do so, which deterred plaintiff CRAIG YATES from returning to the subject public

8 accommodation because of his knowledge and/or belief that neither some or all architectural

9 barriers had been removed and that said premises remains inaccessible to persons with disabilities

10 whether a wheelchair user or otherwise.

11     32.    On information and belief, defendants have been negligent in their affirmative duty

12 to identify the architectural barriers complained of herein and negligent in the removal of some or

13 all of said barriers.

14     33.    Because of defendants' violations, plaintiff and other persons with physical

15 disabilities are unable to use public facilities such as those owned and operated by defendants on a

16 "full and equal" basis unless such facility is in compliance with the provisions of the Americans

17 with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and

18 other accessibility law as plead herein. Plaintiff seeks an order from this court compelling

19 defendants to make the TAISHAN CAFE accessible to persons with disabilities.

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10

1      34.    On information and belief, defendants have intentionally undertaken to modify and
2 alter existing building(s), and have failed to make them comply with accessibility requirements
3 under the requirements of ADAAG and California Building Code. The acts and omission of
4 defendants, and each of them, in failing to provide the required accessible public facilities at the
5 time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiff, and
6 despicable conduct carried out by defendants, and each of them, with a willful and conscious
7 disregard for the rights and safety of plaintiff and other similarly situated persons, and justify a
8 trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more
9 profound example of defendants, and each of them, to other operators and landlords of other
10 CAFÉ and other public facilities, and to punish defendants and to carry out the purposes of the
11 Civil Code §§ 51, 51.5 and 54.

12      35.    Plaintiff is informed and believes and therefore alleges that defendants HUEI
13 CHEN CHI; HUEI CHUN CHI; and LIEH SHENG CHI, and each of them, caused the subject
14 building(s) which constitute the TAISHAN CAFE to be constructed, altered and maintained in
15 such a manner that persons with physical disabilities were denied full and equal access to, within
16 and throughout said building(s) of the subject cafe and were denied full and equal use of said
17 public facilities. Furthermore, on information and belief, defendants have continued to maintain
18 and operate said cafe and/or its building(s) in such conditions up to the present time, despite
19 actual and constructive notice to such defendants that the configuration of TAISHAN CAFE
20 and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as
21 plaintiff CRAIG YATES, and other members of the disability community. Such construction,
22 modification, ownership, operation, maintenance and practices of such public facilities are in
23 violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42
24 U.S.C. §12101, *et seq.*

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    36.    On personal knowledge, information and belief, the basis of defendants' actual and
2  constructive notice that the physical configuration of the facilities including, but not limited to,
3  architectural barriers constituting the TAISHAN CAFÉ and/or building(s) was in violation of the
4  civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to,
5  communications with invitees and guests, plaintiff CRAIG YATES himself, owners of other
6  restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon
7  modification, improvement, or substantial repair of the subject premises and other properties
8  owned by these defendants, newspaper articles and trade publications regarding the Americans
9  with Disabilities Act of 1990 and other access laws, public service announcements by former U.S.
10  Attorney General Janet Reno between 1993 and 2000, and other similar information. Defendants'
11  failure, under state and federal law, to make the TAISHAN CAFÉ accessible is further evidence
12  of defendants' conscious disregard for the rights of plaintiff and other similarly situated persons
13  with disabilities. Despite being informed of such effect on plaintiff and other persons with
14  physical disabilities due to the lack of accessible facilities, defendants, and each of them,
15  knowingly and willfully refused to take any steps to rectify the situation and to provide full and
16  equal access for plaintiff and other persons with physical disabilities to the TAISHAN CAFE.
17  Said defendants, and each of them, have continued such practices, in conscious disregard for the
18  rights of plaintiff and other persons with physical disabilities, up to the date of filing of this
19  complaint, and continuing thereon. Defendants had further actual knowledge of the architectural
20  barriers referred to herein by virtue of the demand letter addressed to the defendants and served
21  concurrently with the summons and complaint. Said conduct, with knowledge of the effect it was
22  and is having on plaintiff and other persons with physical disabilities, constitutes despicable
23  conduct in conscious disregard of the rights and safety of plaintiff and of other similarly situated
24  persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

25    37.    Plaintiff CRAIG YATES and the disability community, consisting of persons with
26  disabilities, would, could and will return to the subject public accommodation when it is made
27  accessible to persons with disabilities.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

12

**I.     FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiff CRAIG YATES, an individual and Against Defendants HUEI CHEN CHI; HUEI CHUN CHI; and LIEH SHENG CHI , inclusive)

(42 U.S.C. §12101, *et seq*.)

38.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 37 of this complaint.

39.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

40.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

13

1   41.   As part of the Americans with Disabilities Act of 1990, Public Law 101-336

2   (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

3   Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public

4   accommodations identified for purposes of this title was:

5          (7)   PUBLIC ACCOMMODATION - The following private
               entities are considered public accommodations for purposes of this
6               title, if the operations of such entities affect commerce -

7                    ---

8               (B) a restaurant, bar or other establishment serving food or
               drink.
9
       42 U.S.C. §12181(7)(B)
10
    42.   Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against
11
    on the basis of disability in the full and equal enjoyment of the goods, services, facilities,
12
    privileges, advantages, or accommodations of any place of public accommodation by any person
13
    who owns, leases, or leases to, or operates a place of public accommodation."
14
    43.   The specific prohibitions against discrimination set forth in §302(b)(2)(a),
15
    42 U.S.C. §12182(b)(2)(a) are:
16
               (I)   the imposition or application of eligibility criteria
17             that screen out or tend to screen out an individual with a disability
               or any class of individuals with disabilities from fully and equally
18             enjoying any goods, services, facilities, privileges, advantages, or
               accommodations, unless such criteria can be shown to be necessary
19             for the provision of the goods, services, facilities, privileges,
               advantages, or accommodations being offered;
20
               (ii)   a failure to make reasonable modifications in
21             policies, practices, or procedures, when such modifications are
               necessary to afford such goods, services, facilities, privileges,
22             advantages or accommodations to individuals with disabilities,
               unless the entity can demonstrate that making such modifications
23             would fundamentally alter the nature of such goods, services,
               facilities, privileges, advantages, or accommodations;
24   ///

25   ///

26   ///

27   ///

28   ///

           (iii)    a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

           (iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

           (v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

44.    The removal of the barriers complained of by plaintiff as hereinabove alleged were at all times after January 26, 1992 "readily achievable" as to the subject building(s) of TAISHAN CAFÉ pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

45.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act.

1 Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers,
2 defendants have failed to make the required services available through alternative methods which
3 were readily achievable.

4    46.    On information and belief, construction work on, and modifications of, the subject
5 building(s) of TAISHAN CAFE occurred after the compliance date for the Americans with
6 Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of
7 the ADA.

8    47.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et
9 seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
10 Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis
11 of disability in violation of this title or have reasonable grounds for believing that plaintiff is about
12 to be subjected to discrimination in violation of §302. Plaintiff is deterred from returning to or
13 making use of the public facilities complained of herein so long as the premises and defendants'
14 policies bar full and equal use by persons with physical disabilities.

15    48.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a
16 disability to engage in a futile gesture if such person has actual notice that a person or
17 organization covered by this title does not intend to comply with its provisions." Pursuant to this
18 section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about
19 December 5, 2010, but on information and belief, alleges that defendants have continued to
20 violate the law and deny the rights of plaintiff and of other persons with physical disabilities to
21 access this public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of
22 §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such
23 facilities readily accessible to and usable by individuals with disabilities to the extent required by
24 this title."

25 ///
26 ///
27 ///
28 ///

49.  Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees.  Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

**II.  SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants HUEI CHEN CHI; HUEI CHUN CHI; and LIEH SHENG CHI, inclusive)

(California Civil Code §§54, 54.1, 54.3, *et seq.*)

50.  Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 49 of this complaint.

51.  At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

52.  California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

> Civil Code §54.1(a)(1)

///

///

1    53.    California Civil Code §54.1 further provides that a violation of the Americans with

2 Disabilities Act of 1990 constitutes a violation of section 54.1:

3                (d) A violation of the right of an individual under the
     Americans with Disabilities Act of 1990 (Public Law 101-336) also
4    constitutes a violation of this section, and nothing in this section
     shall be construed to limit the access of any person in violation of
5    that act.

6           Civil Code §54.1(d)

7    54.    Plaintiff CRAIG YATES is a person within the meaning of Civil Code §54.1

8 whose rights have been infringed upon and violated by the defendants, and each of them, as

9 prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants

10 knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil

11 Code §§54 and 54.1. Plaintiff has been and continue to be denied full and equal access to

12 defendants' TAISHAN CAFE. As a legal result, plaintiff is entitled to seek damages pursuant to a

13 court or jury determination, in accordance with California Civil Code §54.3(a) for each day on

14 which he visited or have been deterred from visiting the TAISHAN CAFE because of his

15 knowledge and belief that the TAISHAN CAFE is inaccessible to persons with disabilities.

16 California Civil Code §54.3(a) provides:

17               Any person or persons, firm or corporation, who denies or interferes
     with admittance to or enjoyment of the public facilities as specified
18    in Sections 54 and 54.1 or otherwise interferes with the rights of an
     individual with a disability under Sections 54, 54.1 and 54.2 is
19    liable for each offense for the actual damages and any amount as
     may be determined by a jury, or the court sitting without a jury, up
20    to a maximum of three times the amount of actual damages but in
     no case less than . . .one thousand dollars ($1,000) and . . .
21    attorney's fees as may be determined by the court in addition
     thereto, suffered by any person denied any of the rights provided in
22    Sections 54, 54.1 and 54.2.

23          Civil Code §54.3(a)

24   55.    On or about August 17, 2010, September 3, 2010, November 10, 2010 and

25 December 5, 2010, plaintiff CRAIG YATES suffered violations of Civil Code §§54 and 54.1 in

26 that plaintiff CRAIG YATES was denied access to entrance and unisex restroom and other public

27 facilities as stated herein at the TAISHAN CAFÉ and on the basis that plaintiff CRAIG YATES

28 was a person with physical disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18

1    56.    As a result of the denial of equal access to defendants' facilities due to the acts and
2 omissions of defendants, and each of them, in owning, operating and maintaining these subject
3 public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to
4 rights under Civil Code §§54, 54.1 and 54.3, and plaintiff CRAIG YATES suffered physical
5 discomfort, bodily injury on or about August 17, 2010, September 3, 2010, November 10, 2010
6 and December 5, 2010, including, but not limited to, fatigue, stress, strain and pain in wheeling
7 and attempting to and/or transferring up, on, down, to, over, around and through architectural
8 barriers. Specifically, as a legal result of defendants negligence in the design, construction and
9 maintenance of the existing excessive door pressure, plaintiff suffered continuous, repetitive and
10 cumulative trauma to his right upper extremity while attempting to open the door and pass
11 through a narrow door entrance.

12    57.    Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental
13 anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment
14 and worry, all of which are expectedly and naturally associated with a denial of access to a person
15 with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and
16 omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a
17 person or an entity that represents persons with physical disabilities and unable, because of the
18 architectural barriers created and maintained by the defendants in violation of the subject laws, to
19 use the public facilities hereinabove described on a full and equal basis as other persons.

20    58.    Plaintiff has been damaged by defendants', and each of their, wrongful conduct and
21 seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights
22 as a person or an entity that represents persons with physical disabilities on or about August 17,
23 2010, September 3, 2010, November 10, 2010 and December 5, 2010, and on a continuing basis
24 since then, including statutory damages, a trebling of all of actual damages, general and special
25 damages available pursuant to §54.3 of the Civil Code according to proof.

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

19

1        59.     As a result of defendants', and each of their, acts and omissions in this regard,

2 plaintiff has been required to incur legal expenses and hire attorneys in order to enforce

3 plaintiff's rights and enforce the provisions of the law protecting access for persons with physical

4 disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to

5 the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all

6 reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally,

7 plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to

8 compel the defendants to make their facilities accessible to all members of the public with

9 disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to

10 the provisions of §1021.5 of the Code of Civil Procedure.

11 **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY**
         **FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
12    (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants HUEI

13    CHEN CHI; HUEI CHUN CHI; and LIEH SHENG CHI, inclusive)

    (Health & Safety Code §19955, *et seq.*)
14

        60.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein,
15

    the allegations contained in paragraphs 1 through 59 of this complaint.
16

        61.     Health & Safety Code §19955 provides in pertinent part:
17

18            The purpose of this part is to insure that public accommodations or
            facilities constructed in this state with private funds adhere to the
            provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
19            of Title 1 of the Government Code. For the purposes of this part
            "public accommodation or facilities" means a building, structure,
20            facility, complex, or improved area which is used by the general
            public and shall include auditoriums, hospitals, theaters, restaurants,
21            hotels, motels, stadiums, and convention centers. When sanitary
            facilities are made available for the public, clients or employees in
22            such accommodations or facilities, they shall be made available for
            the handicapped.
23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1     62.    Health & Safety Code §19956, which appears in the same chapter as §19955,

2 provides in pertinent part, "accommodations constructed in this state shall conform to the

3 provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

4 Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

5 public accommodations constructed or altered after that date. On information and belief, portions

6 of the TAISHAN CAFE and/or of the building(s) were constructed and/or altered after July 1,

7 1970, and substantial portions of the TAISHAN CAFE and/or the building(s) had alterations,

8 structural repairs, and/or additions made to such public accommodations after July 1, 1970,

9 thereby requiring said cafe and/or building to be subject to the requirements of Part 5.5, §19955,

10 *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per

11 Health & Safety Code §19959.

12     63.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State

13 Architect promulgated regulations for the enforcement of these provisions. Effective July 1,

14 1982, Title 24 of the California Building Standards Code adopted the California State Architect's

15 Regulations and these regulations must be complied with as to any alterations and/or

16 modifications of the TAISHAN CAFE and/or the building(s) occurring after that date.

17 Construction changes occurring prior to this date but after July 1, 1970 triggered access

18 requirements pursuant to the "ASA" requirements, the American Standards Association

19 Specifications, A117.1-1961. On information and belief, at the time of the construction and

20 modification of said building, all buildings and facilities covered were required to conform to

21 each of the standards and specifications described in the American Standards Association

22 Specifications and/or those contained in Title 24 of the California Building Standards Code.

23     64.    Restaurants and Cafes such as the TAISHAN CAFÉ are "public accommodations

24 or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

25 ///

26 ///

27 ///

28 ///

1    65.    As a result of the actions and failure to act of defendants, and as a result of the
2  failure to provide proper and legally handicapped-accessible public facilities, plaintiff was denied
3  plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's civil
4  rights and plaintiff's rights as a person with physical disabilities to full and equal access to public
5  facilities.

6    66.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,
7  plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's
8  civil rights and enforce provisions of the law protecting access for the persons with physical
9  disabilities and prohibiting discrimination against the persons with physical disabilities, and to
10 take such action both in plaintiff's own interests and in order to enforce an important right
11 affecting the public interest. Plaintiff, therefore, seeks in this lawsuit the recovery of all
12 reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure
13 §1021.5. Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953
14 and Civil Code §§54.3 and/or in the alternative, plaintiff will seek attorneys' fees, costs and
15 litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).
16 Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

17    67.    Plaintiff seeks injunctive relief for an order compelling defendants, and each of
18 them, to make the subject place of public accommodation readily accessible to and usable by
19 persons with disabilities.

20 **IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
         EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES
21       AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51,** *ET*
         ***SEO.*** **(THE UNRUH CIVIL RIGHTS ACT)**
22       (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants HUEI
         CHEN CHI; HUEI CHUN CHI; and LIEH SHENG CHI, inclusive)
23       (Civil Code §51, 51.5)
24
         68.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,
25
    the allegations contained in paragraphs 1 through 67 of this complaint.
26
27
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

22

1    69.    Defendants' actions and omissions and failure to act as a reasonable and prudent

2 public accommodation in identifying, removing and/or creating architectural barriers, policies,

3 practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The

4 Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.
>
> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
>
> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.
>
> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

20 As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

21 "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the

22 failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

23 failing to act to identify and remove barriers can be construed as a "negligent per se" act of

24 defendants, and each of them.

25 ///

26 ///

27 ///

28 ///

1    70.    The acts and omissions of defendants stated herein are discriminatory in nature and

2 in violation of Civil Code §51.5:

3              No business establishment of any kind whatsoever shall
         discriminate against, boycott or blacklist, refuse to buy from, sell to,
4         or trade with any person in this state because of the race, creed,
         religion, color, national origin, sex, or **disability** of the person or of
5         the person's partners, members, stockholders, directors, officers,
         managers, superintendents, agents, employees, business associates,
6         suppliers, or customers.

7              As used in this section, "person" includes any person, firm
         association, organization, partnership, business trust, corporation,
8         limited liability company, or company.

9              Nothing in this section shall be construed to require any
         construction, alteration, repair, structural or otherwise, or
10        modification of any sort whatsoever, beyond that construction,
         alteration, repair or modification that is otherwise required by other
11        provisions of law, to any new or existing establishment, facility,
         building, improvement, or any other structure . . . nor shall anything
12        in this section be construed to augment, restrict or alter in any way
         the authority of the State Architect to require construction,
13        alteration, repair, or modifications that the State Architect otherwise
         possesses pursuant to other laws.

14

15   71.    Defendants' acts and omissions as specified have denied to the plaintiff full and

16 equal accommodations, advantages, facilities, privileges and services in a business establishment,

17 on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil

18 Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A

19 violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public

20 Law 101-336) shall also constitute a violation of this section." Plaintiff accordingly incorporates

21 the entirety of his above cause of action for violation of the Americans with Disabilities Act at

22 §38, *et seq.*, as if repled herein.

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

24

1      72.    As a result of the denial of equal access to defendants' facilities due to the acts and

2 omissions of defendants, and each of them, in owning, operating and maintaining these subject

3 public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to

4 rights under Civil Code §§54, 54.1 and 54.3, and plaintiff CRAIG YATES suffered physical

5 discomfort, bodily injury on or about August 17, 2010, September 3, 2010, November 10, 2010

6 and December 5, 2010, including, but not limited to, fatigue, stress, strain and pain in wheeling

7 and attempting to and/or transferring up, on, down, to, over, around and through architectural

8 barriers. Specifically, as a legal result of defendants negligence in the design, construction and

9 maintenance of the existing excessive door pressure, plaintiff suffered continuous, repetitive and

10 cumulative trauma to his right upper extremity while attempting to open the door and pass

11 through a narrow door entrance.

12      73.    Further, plaintiff CRAIG YATES suffered mental distress, mental

13 suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger,

14 disappointment and worry, all of which are expectedly and naturally associated with a denial of

15 access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.

16 Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole

17 basis that plaintiff is a person or an entity that represents persons with physical disabilities and

18 unable, because of the architectural barriers created and maintained by the defendants in violation

19 of the subject laws, to use the public facilities hereinabove described on a full and equal basis as

20 other persons.

21      74.    Plaintiff CRAIG YATES is entitled to the rights and remedies of §52(a)

22 of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to

23 mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is

24 allowed by statute, according to proof if deemed to be the prevailing party.

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

25

1 **PRAYER:**

2      Plaintiff prays that this court award damages and provide relief as follows:

3 **I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A**
   **PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
4   **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
   (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants HUEI
5   CHEN CHI; HUEI CHUN CHI; and LIEH SHENG CHI, inclusive)
   (42 U.S.C. §12101, *et seq.*)

6
       1.     For injunctive relief, compelling defendants HUEI CHEN CHI; HUEI CHUN CHI;
7
   and LIEH SHENG CHI, inclusive, to make the TAISHAN CAFE, located at 1125 Clement Street,
8
   San Francisco, California, readily accessible to and usable by individuals with disabilities, per 42
9
   U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility
10
   criteria and procedures so as to afford full access to the goods, services, facilities, privileges,
11
   advantages and accommodations being offered.
12
       2.     For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the
13
   prevailing party; and
14
       3.     For such other and further relief as the court may deem proper.
15
   **II.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND**
16   **EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**
   **AND 54.3, *ET SEO.***
17   (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants HUEI
   CHEN CHI; HUEI CHUN CHI; and LIEH SHENG CHI, inclusive)
18   (California Civil Code §§54, 54.1, 54.3, *et seq.*)

19      1.     For injunctive relief, compelling defendants HUEI CHEN CHI; HUEI CHUN CHI;

20 and LIEH SHENG CHI, inclusive, to make the TAISHAN CAFE, located at 1125 Clement Street,

21 San Francisco, California, readily accessible to and usable by individuals with disabilities, per

22 state law.

23      2.     Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

24 each occasion on which plaintiff was deterred from returning to the subject public

25 accommodation.

26      3.     Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,

27 if plaintiffs are deemed the prevailing party;

28      4.     Treble damages pursuant to Civil Code §54.3;

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1      5.     General damages according to proof;

2      6.     For all costs of suit;

3      7.     Prejudgment interest pursuant to Civil Code §3291; and

4      8.     Such other and further relief as the court may deem just and proper.

5 **III.   PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE**
6 **§19955, *ET. SEO.***
     (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants HUEI
7      CHEN CHI; HUEI CHUN CHI; and LIEH SHENG CHI, inclusive)
     (Health & Safety code §19955, *et seq.*)

8      1.     For injunctive relief, compelling defendants HUEI CHEN CHI; HUEI CHUN CHI;

9 and LIEH SHENG CHI, inclusive, to make the TAISHAN CAFE, located at 1125 Clement Street,

10 San Francisco, California, readily accessible to and usable by individuals with disabilities, per

11 state law.

12      2.     For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or,

13 alternatively, Health & Safety Code §19953, if plaintiff is deemed the prevailing party;

14      3.     For all costs of suit;

15      4.     For prejudgment interest pursuant to Civil Code §3291;

16      5.     Such other and further relief as the court may deem just and proper.

17 **IV.   PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO**
18 **FULL AND EOUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL**
19 **CODE §51, *ET SEO.* (THE UNRUH CIVIL RIGHTS ACT)**
     (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants HUEI
20      CHEN CHI; HUEI CHUN CHI; and LIEH SHENG CHI, inclusive)
     (California Civil Code §§51, 51.5, *et seq.*)

21      1.     All statutory damages as afforded by Civil Code §52(a) for the date of incident and

22 for each occasion on which plaintiff was deterred from returning to the subject public

23 accommodation;

24      2.     Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing

25 party;

26      3.     General damages according to proof;

27      4.     Treble damages pursuant to Civil Code §52(a);

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    5.    For all costs of suit;

2    6.    Prejudgment interest pursuant to Civil Code §3291; and

3    7.    Such other and further relief as the court may deem just and proper.

Dated: December 10, 2010          THOMAS E. FRANKOVICH,
*A PROFESSIONAL LAW CORPORATION*

By:

THOMAS E. FRANKOVICH
Attorneys for Plaintiff CRAIG YATES, an individual

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: December 10, 2010          THOMAS E. FRANKOVICH,
*A PROFESSIONAL LAW CORPORATION*

By:

THOMAS E. FRANKOVICH
Attorneys for Plaintiff CRAIG YATES, an individual

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

28

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, Ca 94903

September 10, 2010

Dear Manager of Taishan Café:

Recently, I visited Taishan Café. The food was quite good and reasonably priced. That part of my experience was good. However, there are a few problems that need your immediate attention. You see, I use a wheelchair. Wheelchair users like me (as I did) have a problem with narrow double doors because there is not enough room to easily roll through. Also the restroom isn't very usable, like the pipe under the lavatory isn't wrapped, the lavatory needs to have levered hardware, the toilet doesn't have a rear grab etc. That part of my experience was not good.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your heads and hands together, I know the two of you can fix this problem.

You need to learn what needs to be done and do it now. So to help you, please call Pacific ADA and IT Center in Oakland at 1-800-949-4232, and ask them to send you all the information they have on access then you will know what to look at and what needs to be done. Much of the work can be done by a handyman. Also, look into the $10,000 tax credit for providing access. Remember, wheelchair users have an old saying: "Access delayed is Access denied!" You understand, right? Anyway, please write me when you get this letter, tell me exactly what will be done and make me a promise that you will take care of this right away. Give me a date. If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do. Thanks!

Sincerely,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, Ca 94903

September 10, 2010

Dear Owner of Building for Taishan Café:

Recently, I visited Taishan Café. The food was quite good and reasonably priced. That part of my experience was good. However, there are a few problems that need your immediate attention. You see, I use a wheelchair. Wheelchair users like me (as I did) have a problem with narrow double doors because there is not enough room to easily roll through. Also the restroom isn't very usable, like the pipe under the lavatory isn't wrapped, the lavatory needs to have levered hardware, the toilet doesn't have a rear grab etc. That part of my experience was not good.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your heads and hands together, I know the two of you can fix this problem.

You need to learn what needs to be done and do it now. So to help you, please call Pacific ADA and IT Center in Oakland at 1-800-949-4232, and ask them to send you all the information they have on access then you will know what to look at and what needs to be done. Much of the work can be done by a handyman. Also, look into the $10,000 tax credit for providing access. Remember, wheelchair users have an old saying: "Access delayed is Access denied!" You understand, right? Anyway, please write me when you get this letter, tell me exactly what will be done and make me a promise that you will take care of this right away. Give me a date. If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do. Thanks!

Sincerely,

Craig Yates

# Taishan Café
## 1125 Clement Street
## San Francisco, CA  94118

October 12, 2010

Mr. Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA  94903

RE:  Your letter of 9/10/10

Dear Mr. Yates,

This is to acknowledge receipt of your letter of 9/10/10.  Thank you for your visiting my restaurant.  I am happy that you enjoyed our food.  We are looking into your suggestions in how to make our restaurant more user friendly for wheelchair patrons.

We have checked with City Hall and have found that our front door is compliant with regulations.  As you know, the economy is not good, and we are struggling to keep our doors open.  However, we will definitely have our contractor look into your other suggestions to see what we can do.  Thank you.

Sincerely,

Henry Liu
manager